(119 App. Div. 192)

In re SCHOPP.

(Supreme Court, Appellate Division, First Department. May 10, 1907.)

1. INTOXICATING LIQUORS—LICENSES—REVOCATION—PETITION—SUFFICIENCY.

　　A petition for the revocation of a tax certificate for the sale of liquors in the borough of Manhattan, city of New York, which alleges that the petitioner is a resident of the state of New York and resident of the borough of Manhattan, city of New York, sufficiently alleges that the petitioner is a resident of the city in and for which the certificate is sought to be revoked, within Liquor Tax Law, Laws 1896, p. 69, c. 112, § 28, as amended by Laws 1905, p. 1737, c. 680, authorizing an individual to maintain a proceeding for the revocation of a tax certificate.

2. SAME.

　　A petition for the revocation of a liquor tax certificate, which alleges that the petitioner is the owner of "the property No. 303 East Twelfth street, in the borough of Manhattan, city of New York," presumptively alleges that petitioner is a taxpayer, within Liquor Tax Law, Laws 1896, p. 69, c. 112, § 28, as amended by Laws 1905, p. 1737, c. 680, authorizing a taxpayer to maintain proceedings for the revocation of a liquor tax certificate, and is sufficient to authorize proof of the fact that he is a taxpayer.

Appeal from Special Term, New York County.

In the matter of the application of Adam A. Schopp for an order to revoke the liquor tax certificate granted to Daniel J. Breslin for the sale and traffic in liquors in the borough of Manhattan, city of New York. From an order denying a motion to dismiss the proceeding and directing a reference therein, Daniel J. Breslin appeals. Reversed in part, and affirmed in part.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

E. S. Booth, for appellant.
M. Fitzgerald, for respondent.

LAMBERT, J. This proceeding was instituted under section 28, subd. 2, of the liquor tax law (Laws 1897, p. 229, c. 312), upon the petition of Adam A. Schopp. An order to show cause was issued returnable at Special Term, December 19, 1906. The respondent, Breslin, appeared and made a motion to dismiss the proceeding, on the ground of the insufficiency of the moving papers. The petitioner moved for the appointment of a referee to take proofs in support of the allegations of the petition. The court denied the motion to dismiss, and granted the motion of the petitioner to refer. It is now

conceded by all the parties represented upon this appeal that the court was without warrant of law to order a reference, and that the order in that respect must be reversed.

The right of the petitioner to institute this proceeding is purely statutory. It is provided by section 28 of the liquor tax law (Laws 1896, p. 45, c. 112, as amended by Laws 1905, p. 1737, c. 680) that "a taxpayer of the city, village or town for which" the liquor tax certificate sought to be revoked was issued, may institute and maintain a proceeding for the revocation of the tax certificate, for the reasons set forth in the act. The petition here contained the following allegation:

. "That your petitioner is the owner of the property No. 303 East Twelfth street, in the borough of Manhattan, city of New York," and "that your petitioner is a resident of the state of New York, and resident of the borough of Manhattan, city of New York, and resides within 200 feet of No. 190 Second avenue, in the borough of Manhattan, city of New York."

It is clear that the allegation of the petition is in full compliance with the statute, in that the petitioner shall be a resident of the city in and for which the certificate is sought to be revoked.

It is, however, contended that there is a failure to make it appear that the petitioner is a taxpayer of the city. In this we do not concur. It is alleged that the petitioner is the owner of real estate, which gives rise to the presumptive fact that he is a taxpayer. It is a traversable fact, and if it is disclosed upon the trial, after issue joined, that the petitioner is not a taxpayer, then the proceeding may be dismissed. We hold that the allegation is adequate to authorize proof upon that issue.

That part of the order directing a reference is reversed, and in other respects affirmed, without costs of this appeal or in the court below. The respondent may serve an answer, if he is so advised, within 10 days. All concur.